IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARRY C. PRETLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-368-D |
| | ) |
| RICHARD McPHERSON, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

On April 4, 2012, Plaintiff filed a *pro se* Complaint in which he "asserts the Oklahoma Employment Security Commission, Board of Review and/or the Oklahoma judicial process subjected him to deprivation of his constitutional rights of equal protection and due process." *See* Compl. [Doc. No. 1] at 3 (emphasis omitted). Despite a liberal construction of the pleading, the basis of this assertion is unclear. Plaintiff fails to identify any participation by the named defendant, Richard McPherson, and fails to make clear the nature of the alleged deprivation, the basis of federal jurisdiction, and the relief sought.

The Court finds the Complaint fails to satisfy federal pleading requirements. Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Padrus*, 127 S. Ct. 2197, 2200 (2007) (internal quotations and citations omitted); *see Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964

(2007).  Assuming Plaintiff intends to bring a civil rights action under 42 U.S.C. § 1983 (which is unclear), it is particularly important "that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis in original).

In this case, Plaintiff's pleading does not comply with Rule 8(a) and fails to provide fair notice of his claim against Defendant McPherson.  Because Plaintiff has been authorized to proceed *in forma pauperis* and his Complaint is deficient, the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  In light of his *pro se* status, however, Plaintiff will be permitted to amend his pleading.  Nevertheless, Plaintiff is cautioned that a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir.1994)).

IT IS THEREFORE ORDERED that Plaintiff shall file an amended complaint that complies with Rule 8(a) not later than April 20, 2012.  Failure to comply with this Order will result in the dismissal of this case without further notice to Plaintiff.

IT IS SO ORDERED this 6th day of April, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE