IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BARRY C. PRETLOW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-12-368-D |
| | ) |
| RICHARD McPHERSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER OF DISMISSAL**

Plaintiff, who appears *pro se* and *in forma pauperis*, has filed his Amended Complaint in accordance with the Order of April 4, 2012, which directed him to satisfy the federal pleading requirements of Fed. R. Civ. P. 8(a). The Amended Complaint makes clear that Plaintiff brings suit against Richard McPherson, Executive Director of the Oklahoma Employment Security Commission (OESC), to challenge the agency's denial of Plaintiff's claim for unemployment compensation benefits based on a finding of employee misconduct. Plaintiff alleges that the agency's decision was unsupported by "admissible/credible evidence," and he "demands defendant provide plaintiff [and] the court . . . whatever evidence the OESC/Board of Review or state court weighed in concluding misconduct." *See* Am. Compl. [Doc. No. 5], ¶¶ 5, 8 (emphasis omitted). Plaintiff "challenges defendant's findings in this action and seeks the court to compel defendant to prove beyond all reasonable doubt that plaintiff was discharged for misconduct and/or did in fact engage in misconduct as held." *See id*. ¶ 11 (emphasis omitted). For federal jurisdiction, Plaintiff invokes "the United States Constitution and/or 42 USC," presumably meaning 42 U.S.C. § 1983, and for relief, Plaintiff seeks damages of twenty-five million dollars, attorney fees, and any other appropriate relief.

A federal civil rights action is not a proper vehicle to challenge a state agency decision that has been upheld in state court proceedings. Although not referenced in the Amended Complaint, Plaintiff's original pleading reflected that he had pursued his unemployment compensation case in state court and obtained an appellate court decision. *See* Compl. [Doc. No. 1] at 3 (referencing *Pretlow v. OESC*, No. 109118 (Okla. Civ. App.)).[1] The law is clear, however, that federal courts are barred by the *Rooker/Feldman* doctrine from entertaining claims that address the merits of a particular unemployment compensation case. *See Freeman v. Brock*, 33 F. App'x 958, 961 (10th Cir. 2002);[2] *see also Tal v. Hogan*, 453 F.3d 1244, 1256-57 (10th Cir. 2006) (condemnation case). Further, Plaintiff does not allege any facts that would establish liability of Mr. McPherson personally for the OESC's decision. Instead, Plaintiff appears to bring suit against Mr. McPherson in his official capacity as executive director of OESC. *See* Am. Compl. [Doc. No. 5], ¶ 2 (stating "Defendant Richard McPherson Executive Director of the [OESC] and/or subordinate personnel of the agency and/or the OESC's Board of Review is/are solely responsible for misconduct as alleged by plaintiff"). In this situation, the suit is treated as a suit against the OESC itself; however, a state agency enjoys Eleventh Amendment immunity and is not a "person" subject to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 71 (1989).

On its face, Plaintiff's pleading fails to state a claim upon which relief can be granted and seeks monetary relief against a defendant who is immune from such relief. Therefore, because Plaintiff is proceeding *in forma pauperis* in this case, the action is subject to dismissal pursuant to

---

[1] The Oklahoma Court Information System report available online through www.oscn.net reflects that the appellate decision was rendered March 2, 2012.

[2] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).  Under the circumstances, in which Plaintiff has already been permitted to amend his pleading, the Court finds that the case should be dismissed.

IT IS THEREFORE ORDERED that the action is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED this 20th  day of April, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE